UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| NATHANIEL-NYEMA DIOH, JR., The living man and all derivatives,<br><br>Plaintiff,<br><br>v.<br><br>COREY HALLER, The living man and all derivatives; THE OFFICE OF MILLE LACS COUNTY ATTORNEY; ERICA MADORE; TIMOTHY S. KILGRIFF; BRIAN D. WOLD; BRIANNA J. WILLIAMS; MARIA N. WARHOL; and PAKOU MOUA, All living man and woman and all derivatives thereof,<br><br>Defendants. | Case No. 23-CV-3714 (PJS/LIB)<br><br>ORDER |

"American courts oversee an enormous volume of disputes, and nonsense makes up a significant and growing share of their workload." Colin McRoberts, *Tinfoil Hats and Powdered Wigs: Thoughts on Pseudolaw*, 58 Washburn L.J. 637, 637 (2019). Sometimes due to gullibility, other times due to desperation, and still other times due to avarice, litigants going by various monikers—tax protestors, sovereign citizens, Moorish Law practitioners, "quantum grammar" adherents, and other categories too numerous to list—seek relief from the federal courts through documents written in an incomprehensible mishmash of legalese. *See generally* Samuel Barrows, *Sovereigns*,

*Freemen, and Desperate Souls: Towards a Rigorous Understanding of Pseudolitigation Tactics in United States Courts*, 62 B.C.L. Rev. 905 (2021).  The precise arguments underpinning these documents differ somewhat from case to case (pseudolaw adherents seldom seem to agree among themselves about anything, including their own legal theories), but one commonality is that these arguments lack so much as an arguable basis in American law as it exists in the real world, rather than as it is fantasized in the fever swamps of the Internet.

Plaintiff Nathaniel-Nyema Dioh, Jr., initiated this proceeding not with a complaint, but with an "Affidavit of Truth and Request to Compel Action" written in a dialect referred to by Dioh as "Correct-Sentence-Structure-Communication-Parse-Syntax-Grammar."  ECF No. 1 at 1 (emphasis removed).  Dioh identifies himself as a "Live-Life-Claimant/Author and a Planetary Judge," *id.* (emphasis removed), who seeks relief from several officials of Mille Lacs County, Minnesota.  The documents submitted by Dioh are far from clear regarding what exactly Dioh is complaining about, but it appears that Dioh was recently the subject of a traffic stop and arrest in Mille Lacs County.  *See* ECF No. 1-1 at 6-10.  Dioh believes that the traffic stop and arrest were unlawful for some reason, and he seeks to have the county officials fired and

imprisoned, to have the state-court criminal proceedings against him dismissed, and to be awarded monetary damages.[1]

Most of the forms of relief that Dioh seeks lie outside the power of the Court to grant in this proceeding. Dioh, a private citizen, cannot initiate a criminal prosecution. *See Kunzer v. Magill*, 667 F. Supp. 2d 1058, 1061 (D. Minn. 2009) (noting that "private citizens generally have no standing to institute federal criminal proceedings."). The *Younger* abstention doctrine[2] precludes the Court from interfering in an ongoing state criminal proceeding through the adjudication of challenges to that proceeding that could be raised in the state courts. *See, e.g.*, *Wassef v. Tibben*, 68 F.4th 1083, 1086-87 (8th Cir. 2023). And the Court has no authority to act as a personnel department for the County of Mille Lacs.

Only with respect to the request for monetary damages does Dioh seek a form of relief that is theoretically attainable in this lawsuit. Dioh has not, however, pleaded facts that, if later proved to be true, would show that any of the defendants have actually violated the law. In fact, it is not even clear from the complaint or accompanying documents *why* Dioh believes the traffic stop and arrest to have been unlawful. For example, Dioh does not explain whether he believes that the law-enforcement official who effected the search lacked probable cause or whether he

---

[1] Dioh also believes that he should "be awarded attorney's fees for the extensive research and time [it] took to prepare this case." ECF No. 1 at 5.
[2] *See Younger v. Harris*, 401 U.S. 37 (1971).

believes that excessive force was used during his arrest.  Rather than setting forth his claims and the factual basis for his claims in plain English, Dioh has elected to garb his complaint with pseudolegal jargon, so much so that neither the Court nor the defendants can reasonably be expected to understand why Dioh is seeking relief.

"Every frivolous filing submitted to the federal judiciary amounts to a tax levied upon the countless litigants whose proceedings are held up while scarce judicial resources are needlessly expended elsewhere."  *Howell v. Howell*, No. 18-CV-2031 (JRT/DTS), 2018 WL 7635723, at *2 (D. Minn. Oct. 11, 2018).  For that reason, federal district courts have the inherent authority to dismiss frivolous litigation *sua sponte*.  *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 307-08 (1989).  This action is dismissed without prejudice accordingly.[3]  Dioh's pending motions are denied as moot in light of the dismissal.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

---

[3] This case is dismissed without prejudice rather than with prejudice for two reasons.  First, to the extent that *Younger* requires the Court to abstain from adjudicating Dioh's claims, dismissal with prejudice is inappropriate.  *See, e.g.*, *Wassef*, 68 F.4th at 1086 n.3.  Second, it is not *impossible* that Dioh's traffic stop or arrest were carried out unlawfully, and so Dioh's complaint might conceivably be amenable to repleading.  Dioh should not, however, interpret dismissal without prejudice as an invitation to continue making frivolous arguments.  Quite the opposite:  Should Dioh persist in filing frivolous or incomprehensible lawsuits, the Court may impose restrictions on his ability to initiate new proceedings in this District.

1. This matter is DISMISSED WITHOUT PREJUDICE as frivolous.

2. Plaintiff's pending motions are DENIED AS MOOT.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: December 22, 2023                   _____
                                           Patrick J. Schiltz, Chief Judge
                                           United States District Court